UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

```
FILED BY_____D.C.

JUL 2 2 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.
```

CARY WALOWITZ, on his own behalf
and all similarly situated individuals

      Plaintiff

      v.                            CASE NO.:

CORPORATE COACHES, INC.,
a Florida Corporation, LAURIE BARDER,
individually, ANDREW BARDAR, individually

      Defendants

_____/

## CLASS ACTION COMPLAINT

Plaintiff, CARY WALOWITZ ("Plaintiff"), on behalf of himself and other

employees and former employees similarly situated, by and through undersigned

counsel, files this Complaint against Defendants, CORPORATE COACHES, INC.,

("CC"), LAURIE BARDAR, individually, ANDREW BARDAR, individually,

("Defendants") and states as follows:

## JURISDICTION

1.      Jurisdiction in this Court is proper as the claims are brought

pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.,

hereinafter called the ("FLSA") to recover unpaid back wages and gratuities, an

additional equal amount as liquidated damages, obtain declaratory relief, and

reasonable fees and costs.

2.      The jurisdiction of the Court over this controversy is based upon

(29 U.S.C. §216(b).

3.      This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgement Act ("DJA"), 28 U.S.C. §2201-02.

## PARTIES

4.      At all times material hereto, Plaintiff was, and continues to be a resident of Broward County, Florida.

5.      At all times hereto CC was a Florida profit corporation. Further, at all times material hereto, CC was engaged in business in Florida, with a principle place of business in Florida.

6.      At all times relevant to this action, LAURIE BARDAR was an individual resident of the State of Florida, who owned and operated CC, and who regularly exercised the authority to: (a) hire and fire employees of CC; (b) determine the work schedules for the employees of CC; and (c) control the finances and operations of CC.

7.      At all times relevant to this action, ANDREW BARDAR was an individual resident of the State of Florida, who owned and operated CC, and who regularly exercised the authority to: (a) hire and fire employees of CC; (b) determine the work schedules for the employees of CC; and (c) control the finances and operations of CC.

8.      At all times hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

9.      At all times hereto, Plaintiff was an "employee" of Defendants

2

within the meaning of FLSA.

10.     At all times material hereto, Defendants were "employers" within the meaning of FLSA.

11.     At all times material hereto, Defendants were, and continue to be an "enterprise engaged in commerce" within the meaning of FLSA.

12.     At all times material hereto, Defendants were, and continue to be an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

13.     Based upon information and belief, the annual gross revenue of Defendants was in excess of $2,000,000.00 per annum during the relevant time periods.

14.     At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of FLSA.

15.     At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of FLSA.

16.     The additional persons who may become Plaintiffs in this action are/were paid drivers of Defendants, who held similar positions to Plaintiff, and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one-half times their regular rate for their hours worked in excess of forty (40) hours or the 20% driver gratuity that Defendants billed their clients.

17.     At all times material hereto, the work performed by Plaintiff, and

those similarly situated, was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

18.     In approximately 2016 Defendants hired Plaintiff to work as an hourly paid driver on Defendants' behalf.

19.     As a prerequisite to his hiring, Defendants required Plaintiff to sign an independent contractor agreement on a take it or leave basis, which dictated Plaintiff's compensation, and further controlled all aspects of Plaintiff's employment and work for Defendants.

20.     Plaintiff, and those similarly situated, also was required to undergo training by Defendants' management, adhere to Defendants' written policies and procedures for performing jobs on Defendants' behalf, wear certain attire/uniforms provided by Defendants.

21.     At all times during his employment with Defendants, Plaintiff, and those similarly situated, only drove Defendants' vehicles to drive Defendants' clients. Defendants paid for these vehicles, along with insurance, permits, fuel, and registration associated for these vehicles.

22.     Plaintiff and those similarly situated was only paid an hourly wage for each job that he performed for Defendants even though Defendants billed Defendants' clients a 20% driver gratuity on top of what was billed for each and every job that the Plaintiff performed for Defendants.

4

23.     At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

24.     From at least 2016 and continuing through March 2020, Defendants failed to compensate Plaintiff, and those similarly situated, at a rate of one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week in addition to the 20% driver gratuity that Defendants billed Defendants' clients for each and every job that Plaintiff performed for Defendants. Plaintiff, and those similarly situated, should be compensated at the rate of one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA. Plaintiff and those similarly situated should be compensated their 20% driver gratuity under the 2011 Final Rule under FLSA and 29 C.F.R. § 531.32.

25.     Defendants have violated Title 29 U.S.C. §207 from at least 2016 and continuing to date, in that:

> a.   Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;
>
> b.   No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA;
>
> c.   No payments, and provisions for payment, have been

made by Defendants to properly compensate Plaintiff
for the 20% driver gratuity that Defendants
billed Defendants' clients for each and every job that
Plaintiff performed for Defendants as provided by FLSA;

d. Defendants failed to maintain proper time records as
mandated by the FLSA.

## STATEMENT OF CLAIM

26.     Plaintiff realleges and revers paragraphs 1 through 25 of the
Complaint as it is fully set forth herein.

27.     Plaintiff was a limousine driver for Defendants. Defendants
misclassified Plaintiff as an Independent Contractor. As a result, Defendants did
not pay Plaintiff for any overtime compensation for the overtime hours worked by
Plaintiff as well as the 20% driver gratuity charged on top of what was billed for
each and every job that Plaintiff performed for Defendants.

28.     Plaintiff estimates he is owed approximately $121,648 in unpaid
overtime compensation, unpaid gratuities compensation, and liquidated
damages.

29.     Plaintiff was employed with Defendants from February 2016
through March 2020 as a limousine driver. Plaintiff estimates he averaged
approximately forty-five (45) hours per week but was paid only $20 an hour no
matter how many hours he worked for Defendants (Sometimes as many as 16
hours a day). For every job that Plaintiff performed for Defendants, Defendants

billed Defendants' clients a 20% driver gratuity that was added to the client's bill on top of the total charge for their limousine services. Defendants sometimes charged their clients by the hour for "Charter" jobs. Charter jobs are billed at a minimum of 3-4 hours and can run as long as 12-16 hours at times. Plaintiff's damages are estimated as follows: $800/40 hours per week = $20 x .5 = $10 x 5 OT hours per week = $50 in OT per week x 213 weeks = $10,650 in unpaid wages or $21,300 with liquidated damages. The damage calculations are based on estimates and the information Plaintiff has at hand. When Defendant provides time and pay records, Plaintiff may be able to give a more precise and updated damage calculation.

30. As to Plaintiff's claim for unpaid 20% driver gratuities, Plaintiff worked for Defendants for 213 weeks. Based upon an average of 7 jobs a week with an average of one additional Charter job a week, Plaintiff averages that he performed approximately 1,491 jobs and 213 Charter jobs for Defendants. The 20% driver gratuities can be estimated as follows for non-charter jobs and Charter jobs: non-charter jobs are billed by Defendants at a rate approximately $60-$160 depending on type of limousine (sedan, SUV, stretch limousine or limousine van) and the county pickup location and drop off + 20% driver gratuity. Charter jobs are billed at the rate of $60-$160 an hour (3-4 hour minimum) depending on the type of limousine (sedan, SUV, stretch limousine or limousine van) and the county pickup location and drop off + 20% driver gratuity. Based on the average number of 1,491 jobs and 213 Charter jobs performed by Plaintiff,

Plaintiff estimates that based on his knowledge of the rates that the Defendant was billing their clients the average 20% driver gratuity was approximately $18 per job and $72 per Charter job. Plaintiff's damages are estimated as follows 1,491 x $18 = $26,838 and 213 x $72 = $15,336 for a grand total of $42,174 in unpaid 20% driver gratuities or $84,348 with liquidated damages. The damage calculations are based on estimates and the information Plaintiff has at hand. When Defendant provides client and job billing records, Plaintiff may be able to give a more precise and updated damage calculation.

31.     As to Plaintiff's claim for unjust enrichment, Plaintiff seeks reimbursement for all tax liabilities paid by Plaintiff as a result of Defendants' misclassification of him as an independent contractor. As the calculation of these damages ultimately will rely upon the documents provided by Defendants as to these amounts paid and/or withheld, Plaintiff cannot provide a monetary estimate to as the value of damages at this time. Plaintiff can estimate, however, that these damages will exceed $16,000.

32.     Plaintiff also seeks reimbursement of his fees, and costs as required under the FLSA, in the event that he is the prevailing party.

### COUNT I
### RECOVERY OF OVERTIME COMPENSATION

33.     Plaintiff realleges and revers paragraphs 1 through 32 of the Complaint as it is fully set forth herein.

34.     From at least 2016 and until March 2020, Plaintiff worked in

excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one-half times Plaintiff's regular rate of pay.

35.     Plaintiff was entitled to be paid at the statutory rate of one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

36.     At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

37.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

38.     Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

39.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

40.     Plaintiff is entitled to an award of fees and costs pursuant to 29 U.S.C. §216(b).

41.     At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue

of the management policy, plan or decision that intentionally provided for the compensation of such employees for fewer hours than they actually worked.

42.     Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff (and those similarly situated) with more than forty (40) or more hours in a work week, Defendants failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

WHEREFORE, Plaintiff respectfully requests that judgement be entered in his favor against Defendants;

a.   Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of FLSA;

b.   Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

c.   Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d    Awarding Plaintiff fees, costs and expenses of the litigation pursuant to 29 U.S.C. §§216(b);

e.   Awarding Plaintiff pre-judgment interest; and

    f.   Ordering any other further relief the Court deems just and

proper.

**COUNT II**
**RECOVERY OF 20% DRIVER GRATUITY COMPENSATION**

43.      Plaintiff realleges and reavers paragraphs 1 through 42 of the

Complaint as if fully set forth herein.

44.      From at least 2016 and continuing through March 2020,

Defendants failed to compensate Plaintiff the 20% driver gratuity for each job that

he performed for Defendants even though Defendants billed Defendants' clients a

20% driver gratuity on top of what was billed for each and every job that the

Plaintiff performed for Defendants.

45.      Plaintiff was entitled to be paid the 20% driver gratuity under the

2011 Final Rule under FLSA and 29 C.F.R. § 531.32.

46.      Defendants' actions were willful and/or showed reckless

disregard for the provisions of the 2011 Final Rule under FLSA and 29 C.F.R. §

531.32 as evidenced by its failure to compensate Plaintiff the 20% driver gratuity

for each job that he performed for Defendants even though Defendants billed

Defendants' clients a 20% driver gratuity on top of what was billed for each and

every job that the Plaintiff performed when it knew, or should have

known, such was, and is due.

47.      Defendants failed to properly disclose or apprise Plaintiff of

Plaintiff's rights under the FLSA.

11

48.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for the 20% driver gratuity on top of what was billed for each and every job that the Plaintiff performed for Defendants, plus liquidated damages.

49.     Plaintiff is entitled to an award of fees and costs pursuant to 29 U. S.C. §216(b).

50.     At all times material hereto, Defendants failed to comply with the 2011 Final Rule under FLSA and 29 C.F.R. § 531.32, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided by the compensation of such employees by not paying the 20% driver gratuity that Plaintiff earned on each and every job that he performed for Defendants.

51.     Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid the 20% driver gratuity on top of what was billed for each and every job that the Plaintiff performed for Defendants, if properly credited to Plaintiff, would have credited Plaintiff (and those similarly situated) with substantial wages in a work week, Defendants failed to properly pay Plaintiff, and those similarly situated to him, the proper 20% driver gratuity for each job that he performed for Defendants even though Defendants billed Defendants' clients a 20% driver gratuity on top of what was billed for each and every job that the Plaintiff performed for Defendants.

WHEREFORE, Plaintiff respectfully requests that judgement be entered

in his favor against Defendants;

    a.   Declaring, pursuant to FLSA the 2011 Final Rule and 29 C.F.R. § 531.32, that the acts and practices complained of herein are in violation of the rules concerning the ownership of tips ;

    b.   Awarding Plaintiff the 20% driver gratuity on top of what was billed for each and every job that Plaintiff performed for Defendants in compensation in the amount due to him for each job that Plaintiff performed for Defendants;

    c.   Awarding Plaintiff liquidated damages in an amount equal to the 20% driver gratuity award;

    d    Awarding Plaintiff fees, costs and expenses of the litigation pursuant to 29 U.S.C. §§216(b);

    e.   Awarding Plaintiff pre-judgment interest; and

    f.   Ordering any other further relief the Court deems just and proper.

## COUNT III
## UNJUST ENRICHMENT

52.    Plaintiff realleges and reavers paragraphs 1 through 51 of the Complaint as if fully set forth herein.

53.    Plaintiff and the Unjust Enrichment Plaintiffs provide(d) driver services to Defendants pursuant to an "Independent Contractor" agreement which at all times relevant, was a contract of adhesion, drafted or imposed exclusively by Defendants, exclusively for their benefit by, among other things: (a) misclassifying

Plaintiffs as "independent contractors" while in reality, at all times controlling the method and manner of work performed by the drivers, (b) refusing to provide workers' compensation benefits/insurance for the drivers; and (c) benefiting from a tax liability stand point to the detriment of its drivers by classifying them as independent contractors.

54.     Such agreements, and the economic reality of the manner in which it was imposed, was unlawful, unconscionable, and void as against public policy.

55.     Defendants receive substantial benefits from Plaintiffs and the Unjust Enrichment Plaintiffs who drive and/or drove for Defendants at Defendants' direction. Defendants nonetheless retain, and are unjustly enriched, by the accounts it retains from their customers for the driver services provided by Plaintiffs and the putative class member Plaintiffs, without fully compensating them for providing such service.

56.     During all times relevant, Defendants, by classifying Plaintiff and the putative class members as independent contractors received significant tax exemptions and avoided tax liability for the payments made to its drivers. In turn, the drivers assumed most, if not all of the tax liability to the Internal Revenue Service ("IRS"), for amounts paid that should have been proportionally borne by Defendants and Plaintiff. Accordingly, Plaintiffs seek reimbursement for these portions of money paid by them to the IRS, that would not have to have been paid had Defendants properly classified them as employees and not independent

contractors.

WHEREFORE, Plaintiff and the Unjust Enrichment putative Plaintiffs, are entitled to full restitution as a result of Defendants' misclassification of them as Independent contractors.

### COUNT IV
### DECLARATORY RELIEF

57.    Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-56 above.

58.    Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331, as a federal question exists.

59.    The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§2201-2202.

60.    Plaintiff may obtain declaratory relief.

61.    Defendants employed Plaintiff.

62.    Defendants are an enterprise covered by the FLSA.

63.    Plaintiff was individually covered by the FLSA.

64.    Plaintiff is entitled to overtime compensation pursuant to 29 U. S.C. §207(a)(1).

65.    Defendants failed to pay overtime compensation as required by law.

66.     Plaintiff is entitled to the 20% driver gratuity on top of what was billed for each and every job that Plaintiff performed for Defendants pursuant to the 2011 Final Rule under FLSA and 29 C.F.R. § 531.32.

61.     Defendants failed to pay the 20% driver gratuity as required by law.

62.     Defendants did not rely on a good faith defense in their failure to abide by the provisions of the FLSA.

67.     Plaintiff is entitled to an equal amount of liquidated damages.

68.     It is in the public interest to have these declarations of rights recorded.

69.     Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

70.     The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

71.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered In his favor against Defendants;

a.     Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA;

b.     Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours

per work week.

c.   Awarding Plaintiff liquidated damages in an amount equal to
     the overtime award.

d.   Declaring, pursuant to the 2011 Final Rule under FLSA and
     29 C.F.R. § 531.32 that the acts and practices complained of
     herein are in violation of tip ownership provisions of FLSA.

e.   Awarding Plaintiff compensation in an amount equal to the
     20% driver gratuity on top of what was billed for each and
     every job that Plaintiff performed for Defendants.

f.   Awarding Plaintiff liquidated damages in an amount equal to
     the 20% driver gratuity on top of what was billed for each and
     every job that Plaintiff performed for Defendants.

g.   Awarding Plaintiff fees, costs and expenses of the litigation
     pursuant to 29 U.S.C. §216(b).

h.   Awarding Plaintiff pre-judgment interest.

i.   Granting Plaintiff an Order, on an expedited basis, allowing
     him to send Notice of this action, pursuant to 29 U.S.C. §
     216(b) to those similarly situated to Plaintiff.

j.   Declaration of rights finding: That an employer-employee
     relationship existed, Plaintiff worked hours over forty (40)
     in a work week without receiving correct overtime wages
     pursuant to the FLSA, Defendants failed to keep accurate

time records, Defendants have a legal duty to pay Plaintiff overtime wages pursuant to the FLSA and failed to do so, Defendants have a legal duty to pay Plaintiff the 20% gratuity on top of what was billed for each and every job that Plaintiff performed for Defendants pursuant to FLSA and failed to do so, Defendants failed to prove a good faith defense, Plaintiff is entitled to overtime wages, 20% driver gratuities on all jobs he performed for Defendants, liquidated damages and fees and costs pursuant to the FLSA.

k.   Ordering any other further relief the Court deems just and proper.

**<u>JURY DEMAND</u>**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 22 day of July , 2020.

Respectfully submitted,

*Cary Walowitz*

CARY WALOWITZ Pro Se
6109 EATON STREET
HOLLYWOOD, FLORIDA 33024
Tel: 954-839-5166
E-mail:

**<u>Certificate of Service</u>**

    **I hereby certify** that a true and correct copy of the foregoing was served by certified mail on  July 22 , 2020 on all counsel or parties of record on the Service list.


*Cary Walowitz*

Cary Walowitz Pro Se


**SERVICE LIST**


Chad Muney


Clark & Muney PLLC

2400 E. Commercial Blvd. Ste. 820

Fort Lauderdale, FL. 33308-4054

(954)776-3819