UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.: 20-cv-61475-RKA



CARY WALOWITZ, on his own behalf
and all similarly situated individuals

    Plaintiff

v.

CORPORATE COACHES, INC.,
a Florida Corporation, LAURIE BARDAR,
individually, ANDREW BARDAR, individually

    Defendants
_____/

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION OF FOURTEEN DAY ENLARGEMENT OF TIME AND DEFENSE ATTORNEY'S REFERENCE TO A FUTURE DISPOSITIVE MOTION

    1.    On July 22, 2020, the Plaintiff filed in the United States District Court, Southern District of Florida, Fort Lauderdale Division, a Complaint alleging claims brought pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §201, et seq.,the Federal Declaratory Act, 28 U.S.C. §2201-02, the 2011 Final Rule under FLSA and 29 C.F.R. §531.32 to recover unpaid back wages and gratuities, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable fees and costs.

    2.    On June 23, 2020, Defendants were sent via certified mail a courtesy letter and rough draft of my Complaint to their place of business. On July 1, 2020

the Defendants had not received my letter so I sent another to their residence which they received on July 2. In the letter I stated that if we couldn't come to an amicable monetary agreement within 20 days, I would file my lawsuit in U.S. District Court.

3.  On July 13, 2020 I spoke to Chad Muney who informed me that he would be representing the Defendants in my impending lawsuit. After a brief conversation he asked me what I was demanding to settle the case before filing my Complaint and my reply was $40,000. He told me he would take the offer to the Defendants and would be contacting me later in the week. I never heard back from Mr. Muney even though I left him voicemail messages on July 19-20, 2020.

4.  On July 20, 2020, I emailed Mr. Muney to convey to him that I would be filing my lawsuit within a few days. I also wanted to confirm his mailing address so I could mail him a copy of my filed complaint which I'm required to do under Federal Rules of Civil Procedure. See attached Exhibit 1.

5.  On July 22, 2020, I received a FedEx delivery that contained a letter and a check in the amount of $884.50. This amount obviously falls far short of my previously discussed offer of settlement for $40,000 with Mr. Muney. Upon receipt of such I called Mr.Muney leaving a voicemail conveying to him that I reject this offer of settlement and as a courtesy I left him the case number assigned to the case. I also sent a text to Laurie Bardar telling her I would not be cashing the check and also left her the case number assigned to the case. See Exhibit 2. Exhibit 3 is the USPS certified mail receipt of my Complaint to Chad Muney.

6. On August 24, 2020, I received a call from Shawn Birken, telling me that he was representing the Defendants in my Complaint. I asked him what had happened to Chad Muney and Mr.Birken's reply was that he still represented the Defendants in "different matters" but he would be handling this case now. Mr.Birken then asked me how I stood on an enlargement of time motion he intended to file on August 25, 2020. I told him I was opposed to it. Mr.Birken then became very aggressive and argumentative on the phone telling me that I had been "paid for all my overtime" and then started to discuss specifics to my case telling me that I would be getting "nothing else" from the Defendants. I find this to be in very poor taste for a defense attorney to behave in this manner.

7. In ¶ 6 Mr.Birken states that, "Plaintiff has been paid in full for all hours worked over forty (40), an immediate dispositive motion may be appropriate. This seems to be a little premature at this point in time since Mr. Birken states in ¶ 5 "that the undersigned would like an opportunity to meet with its clients to discuss this matter in more detail as well as review all documentation in Defendants' possession regarding this matter prior to formulating a response to Plaintiff's complaint." Mr.Birken's claims about my being paid in full are baseless.

8. In ¶ 10 Mr.Birken says that "yet when told that his overtime claim is infirm, indicated that he might amend the Complaint, which might result in more delay than 14 days sought." Statements of this nature only attest to Mr.Birken's attempts at bullying the Plaintiff as previously pointed out. Plaintiff's overtime claim is not infirm as stated in his Complaint as Defendants never kept accurate

time records as mandated by FLSA which caused the Plaintiff not to be paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty (40) or more hours in a work week. See ¶ 42 in Plaintiff's Complaint. Also in ¶ 10 Mr.Birken makes reference that the Plaintiff "might amend the Complaint, which might result in more delay." Plaintiff as no intention to amend his Complaint unless the Court orders him to do so.

9. Plaintiff is opposed to the Court granting the Defendants a 14 (fourteen) day enlargement of time within which to respond to Plaintiff's Complaint for the following reasons of bad faith by Defendants' attorneys:

   a. Defendants received a courtesy letter from the Plaintiff on July 2, 2020 stating his intent to file suit after 20 days.

   b. On July 13, 2020 Plaintiff received a phone call from Chad Muney that he will be representing Defendants.

   c. On August 24, 2020 Plaintiff received a phone call from Shawn Birken that he will be representing the Defendants and intends to file a motion for enlargement of time on August 25, 2020 even though he waits until August 27, 2020 (the 20th day) to file his motion for enlargement of time.

   d. Mr.Muney was representing the Defendants but was not the attorney of record.

   e. There was no communication between Defendant's first attorney, Chad Muney and the Plaintiff since July 13, 2020

even though the Plaintiff had sent Mr.Muney via certified mail the stamped original copy of his filed Complaint on July 22, 2020. The Plaintiff was not aware that Mr. Muney was no longer representing the Defendants until he received a phone call from Mr.Birken on August 24, 2020 informing him that he was now the Defendant's attorney.

10. It is Plaintiff's belief that Defendant's motion for enlargement of time is being made in bad faith due to all the deception as to who Defendant's attorney was or is and is being made for the purpose of delaying or obstructing the progress of the case.

## **MEMORANDUM OF LAW**

Pursuant to The Rules Regulating the Florida Bar (RRTFB), Chapter 4: Rules of Professional Conduct Rule 4-8.4(c) prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. Chapter 4: Rules of Professional Conduct Rule 4-8.4(d) "a lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate or discriminate against litigants…"

**WHEREFORE**, The Plaintiff, Cary Walowitz, respectfully request an enlargement of time not be granted up through and including September 11, 2020.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this **31st day of August 2020**, a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

*Cary Walowitz*

Cary Walowitz Pro Se

## SERVICE LIST

Shawn Birken
sbirken@bilken-law.com
Law Offices of Shawn L. Birken PA
100 SE 3rd Ave Ste 1300
Fort Lauderdale, FL. 33394-0002
(954)990-4459
*Attorney for Defendants*

Via Transmission of Electronic
Filing Generated by CM/ECF

Cary Walowitz, Pro Se
6109 Eaton Street
Hollywood, FL. 33024
(954)839-5166
walowitzcary@gmail.com
*Pro Se Plaintiff*

### Re: Laurie Bardar Andrew Bardar Complaint

From: walowitzcary@gmail.com (walowitzcary@gmail.com)

To: cmm@cmlawpllc.com

Date: Monday, July 20, 2020, 11:17 PM EDT

Mr. Muney,
  As per our conversation of July 13th you called me in reference to my U.S. District Court complaint. I'm going to be filing my complaint by the end of this week. The mailing address I have for you is Clark & Muney PLLC; 2400 E Commercial Blvd Ste 820; Fort Lauderdale, FL 33308-4054 for my Certificate of Service. If you are NOT going to be representing Laurie and Andrew Bardar please let me know ASAP. Thanks. Cary Walowitz (954)839-5166.



```
U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

Certified Mail Fee $3.55
Extra Services & Fees (check box, add fee as appropriate)
 ☐ Return Receipt (hardcopy)        $
 ☐ Return Receipt (electronic)      $
 ☐ Certified Mail Restricted Delivery $
 ☐ Adult Signature Required         $
 ☐ Adult Signature Restricted Delivery $
Postage $1.50
Total Postage and Fees $6.15

Sent To  Chad Muhey
Street and Apt. No., or PO Box No. 2000 E. Commercial Blvd Ste 820
City, State, ZIP+4 Fort Lauderdale FL 33308-4004

07/22/2020

Total:

Credit Card Remitd              $5.15
    Card Name:MasterCard
    Account #:XXXXXXXXXXXX0536
    Approval #:08517B
    Transaction #:313
    AID:A0000000041010          Chip
    AL:MASTERCARD
    PIN:Not Required    CAPITAL ONE

************************************
    Due to limited transportation
      availability as a result of
       nationwide COVID-19 impacts
     package delivery times may be
    extended. Priority Mail Express®
         service will not change.
************************************

In a hurry? Self-service kiosks offer
```

Text your tracking number to 28777
(2USPS) to get the latest status.
Standard Message and Data rates may
apply. You may also visit www.usps.com
USPS Tracking or call 1-800-222-1811.

Preview your Mail
Track your Packages
Sign up for FREE @
www.informeddelivery.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

HELP US SERVE YOU BETTER

TELL US ABOUT YOUR RECENT
POSTAL EXPERIENCE

Go to:
https://postalexperience.com/Pos

840-5330-0221-003-00049-63100-02

or scan this code with
your mobile device:



or call 1-800-410-7420.

YOUR OPINION COUNTS

Receipt #: 840-53300221-3-4968100-2
Clerk: 04

Exhibit 2

# Corporate Coaches

July 17, 2020

Dear Mr. Walowitz,

We are in receipt of your demand for payment of unpaid overtime. You were an independent contractor, therefore, you were not entitled to overtime.

However, in an abundance of caution and in an effort to avoid costly litigation, we have gone back and calculated every possible instance over the past 3 years where you could have worked over forty hours in any given week. We took every effort to ensure that every possible doubt resulted in including the time. We calculated that you could not have worked more than 78.45 hours over forty hours for any given week during the past 3 years. Your hourly rate was $20. You were paid your hourly rate for any hours that you worked, including those worked over forty in any given week. Therefore, you would be owed, at most, half time or half of your hourly rate. We multiplied your hours with your half time rate and the amount was $784.50. We will include an additional $100 to ensure that even if we missed an hour or two, you have been compensated fully.

Therefore, enclosed, please find a check for $884.50. This amount constitutes more than would ever be entitled to in compensating you for any hours you worked over forty in any given week during the past 3 years. This payment is being made within the window of corrections. This payment is not an admission of guilt or liability, but simply an effort to avoid any potential costly litigation.

Laurie Bardar
VP

*[signature]*

4500 South State Rd. 7
Fort Lauderdale, FL 33314
O: (954) 583-7082 F: (954) 583-7081
Email: corpcoachcars@aol.com