**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**
**CASE NO.: 20-cv-61475-PMH-Magistrate Consent**

CARY WALOWITZ, on his own
behalf and all similarly situated individuals,

      Plaintiff(s),

vs.

CORPORATE COACHES, INC. a Florida
Corporation, LAURIE BARDER, individually
and ANDREW BARDER, individually,
and CASINO LIMO CORP.,

      Defendants.

                                        /

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**
**AGREEMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, CARY WALOWITZ ("Plaintiff") and Defendants, CORPORATE

COACHES, INC., CASINO LIMO CORP., LAURIE BARDER and ANDREW BARDER

(collectively "Defendants"), by and through their undersigned counsel, jointly notify the Court

that the Parties have resolved the claims in this matter, respectfully request that this Court make

a fairness finding approving the terms of the Parties' settlement agreement, and hereby stipulate

to the voluntary dismissal with prejudice of this action in its entirety.  To facilitate the Court's

review of the Parties' settlement agreement (the "Agreement"), a copy of the executed

Agreement is being submitted to the Court (by email) for in-camera review,

contemporaneously with this Motion.

## I.   INTRODUCTION

**a.**      Plaintiff's Complaint asserts a claim for alleged unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA").   *See* Second Amended Complaint [D.E. 62].

**b.**      On April 1, 2021, the Parties reached a mutually-acceptable agreement to settle in this matter.

**c.**      On April 13, 2021, the Parties sent their signed Settlement Agreement to Magistrate Judge Patrick M. Hunt via email at hunt@flsd.uscourts.gov., for Judge Hunt's *in camera* review and approval.

**d.**      Accordingly, the Parties hereby request this Court issue an Order approving of the proposed Settlement Agreement.

## II.  MEMORANDUM OF LAW

### a.  Legal Principles

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under FLSA can be settled and released by employees.   First, 29 USC 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.   *See* 29 U.S.C. 216(c); *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, 11th Cir. 1982).   Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir.

1947).   In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claim against the Defendants. The proposed settlement arises out of an action brought by the Plaintiff against his former employer, which was adversarial in nature.

The Parties agree that the instant action involves disputed issues regarding (1) whether Plaintiff was exempt, whether overtime wages and damages are available, and whether Defendants' actions were in good faith. The Parties further agree that the settlement negotiated and reached by the Parties reflect a reasonable compromise of the disputed issues.   Plaintiff and Defendants discussed Plaintiff's exempt/non-exempt status, alleged overtime hours and pay rate, the applicability of defenses, whether Defendants' pre-suit actions were in good faith, potential calculations of damages and the applicable statute of limitations, and formulated their own proposed settlement figures.   The Parties then engaged in detailed settlement discussions, in the early stages of the litigation, based upon their independent calculations.   The Parties voluntarily agreed to the terms of their settlement at the conclusion of these negotiations.

**b.   Terms of Settlement**

This case involved, in part, a claim for unpaid overtime hours.  The Plaintiff worked for Defendants during certain times material to this matter.  Given the Parties' disagreement regarding the Plaintiff's position as exempt and/or non-exempt, the applicability of the FLSA, and the dispute regarding the hours which Plaintiff claimed to have worked and/or reported, the Parties agree that they would incur great expense litigating this issue.  Given the amount claimed, and the possibility of the Plaintiff recovering nothing additional to what was previously offered by the Defendant, the Parties agree that the settlement amount to be paid to Plaintiff is a fair compromise.  The Parties submit that the settlement amount agreed upon in this matter is fair and equitable under the teachings of *Lynn's Food Stores*.

The attorney's fees and costs (which include filing fees, service fees, and copies and postage) for the Plaintiff have been negotiated and will be paid from Plaintiff's total recovery. Counsel for Plaintiff further stipulates that the amount recovered in attorney's fees and costs is fair and reasonable, and that counsel accepts this in full satisfaction of the attorney's fees and costs incurred on the Plaintiff's behalf with respect to the wage claims.  The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations.  All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.  The Parties negotiated and settled Plaintiff's recovery and attorney's fees independently and in seriatim consistent with this Court's prior ruling in *Bonetti v. Embarq Mgmt. Co.*, 2009 U.S. Dist. Lexis 68075 (M.D. Fla. Aug. 4, 2009).

CASE NO. 9:20-cv-81964-RS

   c.  **Conclusion**

The Parties respectfully request that this Court approve the settlement between them,

and dismiss the instant action with prejudice conditioned on the Court retaining jurisdiction to

enforce the terms of the parties' settlement.

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this <u>14th day of April, 2021</u>, I electronically filed the forgoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing is being served this day upon all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

<u>/s/Shawn L. Birken, Esq.</u>
Shawn L. Birken, Esq.,
Florida Bar No.: 418765
LAW OFFICES OF
SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300
Fort Lauderdale, Florida  33394
Direct Dial: 954-990-4459
Fax: 954-990-4469
sbirken@birken-law.com
acabello@birken-law.com

**<u>SERVICE LIST</u>**
**CASE NO. 20-cv-61475-RKA**

| | |
|---|---|
| Shawn L. Birken, Esq. | Elliot Kozolchyk, Esq. |
| Florida Bar No.: 418765 | Florida Bar No. 74791 |
| Email: sbirken@birken-law.com | Email: ekoz@kozlawfirm.com |
| Law Offices of Shawn L. Birken, P.A. | Koz Law, P.A. |
| 100 SE 3rd Avenue, Suite 1300 | 320 SE 9th Street |
| Fort Lauderdale, Florida  33394 | Fort Lauderdale, Florida 33316 |
| Direct Dial: 954-990-4459 | Phone: 786-924-9929 |
| Fax: 954-990-4469 | Fax: 786-358-6071 |
| ***Counsel for Defendants*** | ***Counsel for Plaintiff*** |
| | Via CM/ECF |